# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2965

_____

United States of America,             *
                                                 *

               Appellee,           *

                                                 *    Appeal from the United States

      v.                           *    District Court for the District

                                                 *    of Nebraska.

Phillip Laverne Johnson,        *

                                                *          [UNPUBLISHED]

              Appellant.          *

_____

Submitted: April 29, 2004

Filed: May 5, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Phillip Laverne Johnson pleaded guilty to conspiring to manufacture 50 grams or more of methamphetamine, and to manufacture, distribute, and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846. The district court[1] sentenced him to 151 months imprisonment and 5 years supervised release. On appeal, Mr. Johnson's counsel has moved to withdraw and has filed a brief under Anders v.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

<u>California</u>, 386 U.S. 738 (1967), arguing the court should have granted Mr. Johnson a competency hearing prior to sentencing.

After careful review, we conclude counsel's argument fails. Absent some indication to the contrary, the district court was permitted to presume Mr. Johnson was competent, <u>see</u> <u>Branscomb v. Norris</u>, 47 F.3d 258, 261 (8th Cir.), <u>cert. denied</u>, 515 U.S. 1109 (1995), and the doubts about Mr. Johnson's competence expressed by defense counsel at one point prior to sentencing were alone insufficient to require a competency hearing, <u>see</u> <u>Reynolds v. Norris</u>, 86 F.3d 796, 800 (8th Cir. 1996). We find nothing else in the record that would suggest Mr. Johnson was incompetent either during his plea or sentencing hearings. To the contrary, Mr. Johnson answered the district court's questions coherently during both hearings, there is no indication the court witnessed any unusual behavior by him, and Mr. Johnson testified that his medications did not affect his ability to understand the purpose of the plea hearing.

Finally, we have reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and we find no nonfrivolous issues. Accordingly, we affirm. We also grant counsel's motion to withdraw.

_____